ORIGINAL

REISSUED FOR PUBLICATION

MAY 15 2018

OSM

U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-1274V
Filed: April 6, 2018

FILED

APR – 6 2018

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * *
DAVID REPLOGLE,                  *        UNPUBLISHED
                                 *
              Petitioner,        *
v.                               *        Special Master Oler
                                 *
SECRETARY OF HEALTH              *        Attorneys' Fees and Costs.
AND HUMAN SERVICES,              *
                                 *
              Respondent.        *
                                 *
* * * * * * * * * * * * * *
```

*David Replogle*, Loves Park, IL, *pro se* Petitioner.
*Ryan Pyles,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

**Oler**, Special Master:

On October 5, 2016, Petitioner, David Replogle, filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that he suffered from a Miller-Fisher variant of Guillain-Barré syndrome (GBS) due to his receipt of an influenza vaccine on December 10, 2014. ECF No. 1 at 1. Petitioner was represented by attorney, Danielle Strait, from the law firm of Maglio Christopher & Toale, from the date of filing of the petition (*see* ECF No. 1 at 3), until January 2, 2018, the date I granted Ms. Strait's motion to withdraw as attorney of record (*see* ECF No. 32). Thus, as of January 2, 2018, Petitioner has represented himself as a *pro se* litigant for further proceedings in this case.

---

[1]     Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2]     National Childhood Vaccine Injury Act of 1986 ("Vaccine Act"), Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. §300aa (2012).

## I. Relevant Procedural History

While Petitioner was being represented by his former counsel, Petitioner filed an Interim Motion for Attorneys' Fees and Costs ("Interim AFC Motion") on October 9, 2017, requesting interim attorneys' fees in the amount of $14,216.50, and $8,498.12 in costs. *See* Interim AFC Motion, ECF No. 25. In accordance with General Order #9, Ms. Strait submitted a signed affidavit with Petitioner's Interim AFC Motion, outlining her multiple attempts to contact Petitioner to ascertain if he personally incurred any out-of-pocket expenses while being represented by Ms. Strait's law firm in this case. *See* Ex. 10 at 3, ECF No. 25-3. That affidavit indicates that as of October 9, 2017, the date of notary of Ms. Strait's signed statement, Petitioner had not informed Ms. Strait of any out-of-pocket expenses incurred by Petitioner up to that point in this case. *Id.* Respondent did not file a response to Petitioner's Interim AFC Motion.

This case was transferred to my docket on December 7, 2017. ECF No. 29. This matter is now ripe for a decision.

## II. Legal Standard for Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). The Circuit has stated, "Congress made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. In *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. However, *Avera* did not exclusively define when interim fees are appropriate, rather it has been interpreted to allow special masters discretion. *See Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2013 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Human Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated them as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

The undue hardship inquiry looks at more than just financial involvement of petitioner; it also looks at any money expended by petitioner's counsel. *Kirk*, 2013 WL 775396, at *2 (finding "the general principle underlying an award of interim fees was clear: avoid working a substantial financial hardship on petitioners and their counsel."). Accordingly, special masters have routinely awarded interim fees to petitioner's original counsel when they are proceeding through litigation with new representation. *Woods v. Sec'y of Health & Human Servs.*, 105 Fed.

Cl. 148, 154 (Fed. Cl. 2012); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Human Servs.*, No. 97-588, 2012 WL 1450520, at *6 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). As noted above, I granted Petitioner's previous counsel of record's motion to withdraw on January 2, 2018. ECF No. 32. Moreover, Petitioner's previous counsel expended costs for the services of two medical consultants in counsel's efforts to obtain an expert opinion to support Petitioner's Vaccine Act claim. I thus find it reasonable to award interim attorneys' fees and costs at this juncture to avoid undue hardship for Petitioner and his previous counsel.

## III. Reasonable Attorneys' Fees

### a. *"Good faith" and "reasonable basis" requirement*

If interim fees are deemed appropriate, petitioners are eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that they brought their petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Woods*, 105 Fed. Cl. at 154; *Friedman v. Sec'y of Health & Human Servs.*, 94 Fed. Cl. 323, 334 (Fed. Cl. 2010); *Doe 21 v. Sec'y of Health & Human Servs.*, 89 Fed. Cl. 661, 668 (Fed. Cl. 2009); *Bear*, 2013 WL 691963, at *5; *Lumsden*, 2012 WL 1450520, at *4. Respondent did not raise any objection to the good faith or reasonable basis for the claim. Upon my review of the record, and an examination of the overall circumstances of this case, I also agree that this case was filed in "good faith," and with a "reasonable basis."

### b. *Reasonable Hourly Rates and Time Expended*

#### i. *Requested Hourly Rates*

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera* at 1349. Under this approach, "[t]he initial estimate of a reasonable attorney's fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by Respondent, and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed.

Cir. 2011) (citing *Avera*, 515 F.3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

In this case, the majority of counsel's work was performed in Washington, D.C.,[3] and thus, forum rates apply. For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

Ms. Strait was sworn into practice in the state of California in July 2010. *See* Ex. 10 at 1-2, ¶ 4, ECF No. 25-3. As Ms. Strait had been practicing for seven years at the time Petitioner submitted this instant Interim AFC Motion, the applicable range under *McCulloch* is $225 to $300 for 2015 and 2016, and $230 to $307 for 2017.[5] In this instant application, Petitioner requests Ms. Strait's hourly rates to be $306 for 2016, and $320 for 2017. *Id.* at 2, ¶ 7.

Special Master Sanders recently determined that appropriate hourly rates for Ms. Strait for 2016 and 2017 were $300 and $307, respectively. *See Schultheis v. Sec'y of Health & Human Servs.*, No. 13-781, 2017 WL 2825819 (Fed. Cl. Spec. Mstr. June 5, 2017); *Hogan on behalf of S.M.H. v. Sec'y of Health & Human Servs.*, No. 13-780V, 2017 WL 3585648 (Fed. Cl. Spec. Mstr. Jul. 24, 2017). I find Special Master Sanders' analysis to be well-reasoned and persuasive, and will follow her approach in this instant fees request. Thus, Ms. Strait is awarded the following hourly rates: $300 for work performed in 2016, and $307 for work performed in 2017.

Additionally, ten different paralegals from Ms. Strait's law firm worked on this matter while Petitioner was being represented by Ms. Strait. *See* Ex. 8 at 9, ECF No. 25-1. For those

---

[3]      Ms. Strait filed a "Notice of Change of Address" on May 3, 2017, notifying the Court that she had re-located from her firm's Washington, D.C. office to her firm's Seattle, Washington office location. *See* ECF No. 15. In examining the billing records submitted with this instant Interim AFC Motion (*see* Ex. 8 at 1-9, ECF No. 25-1), I note that Ms. Strait performed 25.5 hours of attorney work from her Washington, D.C. office *prior to* May 3, 2017 (*see id.* at 1-7), which constitute the majority of her total 34.50 hours billed in this case (*see id.* at 9).

[4]      The fee schedules are posted on this Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, https://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf (last visited April 3, 2018); *see also* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2017*, https://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf (last visited April 3, 2018).

[5]      *See supra* note 3.

paralegals, Petitioner requests a variety of hourly rates ranging from $95 to $145.  *Id.*  I find those paralegal hourly rates to be reasonable.

### ii.	Total number of hours expended

Based on my review of the billing records submitted with Petitioner's Interim AFC Motion (*see* Ex. 8, ECF No. 25-1), the hours expended on this matter by Petitioner's former counsel appear to be reasonable, and I find no cause to reduce the total attorney or paralegal hours spent on this case.

### iii.	Summary of Total Reduction of Requested Fees

As outlined above, adjusting for Ms. Strait's hourly rates for the years 2016 and 2017 results in reducing the total fees award by $329.50.  Thus, Petitioner is awarded a total of **$13,887.00** in attorneys' fees.

### c.	Reasonable Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).  Petitioner requests **$8,498.12** in attorneys' costs, the bulk of which represent costs incurred by his counsel in attempting to secure an expert opinion in this case.  *See generally* Ex. 9, ECF No. 25-2.  After reviewing the costs invoices attached with Petitioner's Interim AFC Motion (*id.*), I find the requested litigation costs to be reasonable, and will award them in full.

## IV.	Total Award Summary

Accordingly, I award **$22,385.12**, representing $13,887.00 in attorneys' fees and $8,498.12 in costs, in the form of a check payable jointly to Petitioner and his former counsel, Danielle Strait.[6]  The clerk shall enter judgment accordingly.[7]

**IT IS SO ORDERED.**

Katherine E. Oler
Special Master

---

[6]	Pursuant to Petitioner's former counsel's request (*see* Interim AFC Motion at 2, ¶ 10), the check in this case shall be forwarded to the following business address:  Maglio, Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236.

[7]	Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.