REISSUED FOR PUBLICATION
DEC 4 2018
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
Filed: October 1, 2018
No. 16-1274V

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| DAVID REPLOGLE, | |
| Petitioner, | Special Master Oler |
| v. | Dismissal of Petition; Vaccine Act; Denial Without Hearing; Failure to Prosecute. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*David Replogle*, pro se, Loves Park, IL.

*Ryan D. Pyles*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF AND FAILURE TO PROSECUTE[1]

On October 5, 2016, Petitioner, David Replogle, filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that he suffered from a Miller-Fisher variant of Guillain-Barré syndrome (GBS) due to his receipt of an influenza vaccine on December 10, 2014. ECF No. 1 at 1. For the reasons set forth below, I dismiss this case for insufficient proof and failure to prosecute.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] National Childhood Vaccine Injury Act of 1986 ("Vaccine Act"), Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. §300aa (2012).

1

## I. Procedural History[3]

### A. *Special Processing Unit*

Based on the allegations raised in the petition, this case was initially assigned to the special processing unit ("SPU") to be overseen by Chief Special Master (CSM) Dorsey. *See generally* SPU Initial Order filed on October 6, 2016, ECF No. 5. On October 19, 2016, Petitioner concurrently filed medical records (*see* Exs. 1-7, ECF No. 8) and a statement of completion (*see* ECF No. 9). Respondent filed a Rule 4(c) Report on January 17, 2017, highlighting numerous deficiencies with Petitioner's claim and recommending that this case be dismissed. *See* ECF No. 12 at 4-6. On January 19, 2017, CSM Dorsey ordered Petitioner to file an expert medical opinion by March 20, 2017, responding to the issues raised by Respondent in his Rule 4(c) Report. *See* SPU Scheduling Order filed on January 19, 2017, ECF No. 13.

From mid-March 2017 until mid-May 2017, Petitioner requested, and was granted, two additional extensions of time to file an expert report. *See* ECF Nos. 14, 16; *see also* non-PDF Orders of: 3/14/2017 and 5/17/2017. On June 16, 2017, Petitioner's then-counsel filed another motion for an extension of time, indicating that she was having difficulties getting in contact with Petitioner to further pursue procuring an expert report. *See* ECF No. 20 at 1. On June 21, 2017, CSM Dorsey denied Petitioner's motion for an extension of time and ordered that the parties be available for a status conference to discuss appropriate next steps. *See* ECF No. 21.

CSM Dorsey held a status conference on July 13, 2017, at which time Petitioner's then-counsel informed the Court of her intention to withdraw as counsel of record. *See* SPU Order filed on July 13, 2017, ECF No. 13. Thus, CSM Dorsey afforded Petitioner ninety days, or until October 12, 2017, to obtain new counsel. *Id.*

### B. *Proceedings after this Case was Reassigned to my Docket*

This case was transferred out of the SPU on July 13, 2017, and was reassigned to two other special masters (*see* ECF Nos. 24, 26) before eventually being reassigned to my docket on December 7, 2017 (*see* ECF No. 28). On December 12, 2017, Petitioner filed additional medical records. *See* Ex. 8, ECF No. 30. Petitioner's then-counsel filed a motion to withdraw as attorney on December 13, 2017. *See* ECF No. 31. I granted that motion on January 2, 2018. *See* ECF No. 32. Thus, as of January 2, 2018, Petitioner has represented himself as a *pro se* litigant for further proceedings in this case.[4]

I held a recorded status conference on April 5, 2018. *See* Status Conference Order issued on April 10, 2018, ECF No. 34. Mr. David Replogle represented himself, while Mr. Ryan Pyles

---

[3] Petitioner was originally represented by attorney, Danielle Strait, from the law firm of Maglio Christopher & Toale, from the date of filing of the petition (*see* ECF No. 1 at 3), until January 2, 2018, the date I granted Ms. Strait's motion to withdraw as attorney of record (*see* ECF No. 32).

[4] Since he became a *pro se* litigant on January 2, 2018, Petitioner has not submitted any additional filings that would further substantiate his claim.

2

appeared on behalf of Respondent. At that time, Mr. Replogle represented that he was currently at his winter home in Nevada until the middle of May 2018, and that he did not have access to his case files, which were at his home in Illinois. *Id.* at 1. Mr. Replogle thus proposed that he would be better able to formulate his position in this case once he returned to his Illinois home in mid-May. *Id.* at 2. I ordered Petitioner to file a status report by July 16, 2018, informing me as to how he wished to proceed in this case.[5] *Id.* at 2.

Petitioner did not file a status report by the ordered deadline. Consequently, on July 20, 2018, my law clerk emailed Petitioner and asked him to submit his overdue status report as soon as possible. Petitioner has not replied to my law clerk's email as of the date of this instant Decision.

In light of Petitioner's failure to file his overdue status report and reply to my law clerk's email correspondence, I subsequently issued an Order to Show Cause on August 9, 2018. *See* ECF No. 37. That Order set a deadline of September 10, 2018, for Petitioner to file his overdue status report, or show cause as to why this case should not be dismissed pursuant to Vaccine Rule 21(b) for failure to prosecute and for failure to comply with prior orders in this action. *Id.* at 2. That Order also specifically warned that Petitioner's failure to file a response to my Order to Show Cause would be interpreted as a failure to prosecute this claim, and the petition would be dismissed. *Id.* Petitioner failed to file a response to my Order to Show Cause.

## II. Applicable Law and Discussion

Petitioner's claim must be dismissed due to his repeated failures to comply with orders. A petitioner's inaction and failure to follow court orders risks dismissal of a claim. *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b). Petitioner did not comply with the deadline set by my Order of April 10, 2018; further, he did not comply with my Order to Show Cause, issued on August 9, 2018, informing Petitioner that the case would be dismissed if he again failed to respond. In each instance, I provided Petitioner time to contact chambers or file a status report.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" -- *i.e.*, an injury falling within the Vaccine Injury Table -- corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. *See* Section 13(a)(1).

Petitioner was afforded several opportunities to offer an expert report or other evidence that would support his claim, and he failed to submit such evidence into the record. In this case,

---

[5] During that status conference, I also encouraged Mr. Replogle to obtain new counsel in this case as he planned to move forward with his claim. *Id.* at 1. On May 22, 2018, my law clerk emailed Mr. Replogle the "Vaccine Attorneys" link, containing a list of vaccine attorneys who are currently admitted to practice before this Court. In that email, my law clerk also included a link to the Court's website containing useful guidance materials for petitioners who choose to represent themselves in their Vaccine Act claim.

3

there is insufficient evidence in the record for Petitioner to meet his burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. *See* Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof and failure to prosecute. The Clerk shall enter judgment accordingly.[6]**

**IT IS SO ORDERED.**

Katherine E. Oler
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite judgment by filing a joint notice renouncing their right to seek review.

4